UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-17-0485 |
| | § | |
| JOHN DOE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The plaintiff, Malibu Media, produces high-end pornography under its "X-Art" brand. Malibu alleges that its business is harmed by rampant copyright infringement through anonymous peer-to-peer BitTorrent software. Malibu retained an investigator to identify the IP addresses of serial copyright infringers who regularly downloaded and shared Malibu's copyrighted pornographic films on BitTorrent networks. In this suit, Malibu alleges that an unidentified individual assigned a certain IP address is one such serial infringer. Malibu moved for permission to conduct early discovery in this case, primarily in the form of a third-party subpoena on the infringer's Internet Service Provider that required the Internet Service Provider to reveal the identity of the individual to whom the IP address is assigned. (Docket Entry No. 6). The court found that Malibu had demonstrated good cause to take early discovery and granted the motion. (Docket Entry No. 8).

The anonymous defendant moved to quash the subpoena, and Malibu responded. (Docket Entries No. 12, 13). Based on the briefs and the applicable law, the motion to quash is denied. However, as Malibu agrees is proper, the court will enter a protective order that guards the defendant's identity from public disclosure.

1

The defendant advances three arguments in favor of quashing the subpoena. First, the defendant argues that the technology that Malibu used to identify what IP addresses were engaged in serial infringement of its pornography copyrights is unreliable. Specifically, the defendant urges that, because the IP tracking technology that Malibu uses "does not also identify the associated computer's MAC address at the time." (Docket Entry No. 12 at 4). Moreover, the defendant argues that an identification of the IP address does not reliably identify the infringer, because of the possibility that individuals other than the account-holder were responsible for the infringement. (*Id.* at 4-5).

This argument is unpersuasive. First, the defendant does not provide any factual or legal authority to support this series of assertions. Second, as the defendants rightly note, courts have consistently rejected the defendant's line of reasoning. "[A]lthough the disclosure of subscriber information may not reveal the actual infringers in these cases, it may nevertheless allow Plaintiff to identify the actual infringers." *Malibu Media, LLC v. Doe*, No. CV 14-1280, 2014 WL 12616840, at *3 (E.D. Pa. May 19, 2014) (quoting *Malibu Media, LLC v. John Does 1-23*, 2013 WL 1389763 at *2 (E.D. Pa. Apr. 3, 2013)); *see also* Malibu Media, LLC v. John Does 1-23, 2013 WL 1389763 at *2 (E.D. Pa. Apr. 3, 2013). Moreover,

> it is reasonable to use an IP address as a starting point to obtain identifying information about a Doe Defendant who, through digital forensic means, has been tied to the torrent swarm in issue. The identifying information allows Plaintiff to make a good faith investigation into whether a particular individual has a reliable factual connection to the IP address associated with the swarm. If Plaintiff learns that the IP address is not a reliable identifier for a person, who Plaintiff in good faith can show committed an alleged legal wrong, Plaintiff has an obligation under Federal Rule of Civil Procedure 11 to cease pursuit of the claim against that individual.

*W. Coast Prods., Inc. v. Does 1-351*, No. 4:12-CV-00504, 2012 WL 2577551, at *4 (S.D. Tex. July 3, 2012) (denying motion to quash advancing identical argument).

The defendant's next argument is that the subpoena should be quashed because it will cause the defendant "unwarranted annoyance, embarrassment, and an undue burden." (Docket Entry No. 12 at 5). This argument also fails. First, Malibu has consented to a protective order preventing public disclosure of the defendant's identity through the discovery period in the case. That protective order significantly decreases the risk of undue or improper settlement pressure. *See Malibu Media v. Doe*, 15-cv-4743, 2015 WL 5013874, at *1-2 (S.D.N.Y. August 18, 2015). Second, the defendant's assertion of some uniquely outrageous burden attendant to being identified with the present allegations is simply overstated: "while 'there may be "some social stigma attached to consuming pornography . . . it is [nonetheless] the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove."'" *Malibu Media, LLC v. Doe*, No. CV 15-8252 (FLW), 2016 WL 3876425, at *5 (D.N.J. July 14, 2016) (quoting *Malibu Media, LLC v. John Does # 1-30*, No. 12-cv-3896-MAS, 2012 WL 6203697, at *7 (D.N.J. Dec. 12, 2012)).

The third and final argument is that the subpoena infringes on the defendant's constitutionally protected privacy and speech rights. Courts routinely reject this argument in similar circumstances. *E.g., Hard Drive Prods. v. Does 1 - 1,495*, 892 F. Supp. 2d 334, 339 (D.D.C. Sept. 26, 2012). The court has already noted that Malibu has pleaded a prima facie case of copyright infringement against the anonymous defendant. (Docket Entry No. 8 at 2). Moreover, there is no constitutional right—under the First Amendment or the right to privacy—to anonymously engage in copyright infringement. *W. Coast Prods., Inc.*, 2012 WL 2577551, at *4 (citing *Arista Records*

*LLC v. Does 1–16*, 604 F.3d 110, 118–119 (2d Cir.2010)). The defendant's argument is unpersuasive.

For the reasons stated in this opinion, the motion to quash, (Docket Entry No. 12), is denied. However, by August 25, 2017, the parties must confer and submit a proposed protective order prohibiting the public disclosure of the defendant's identity until this court so orders. At the end of the discovery period, either party may move for the court to modify or dissolve the protective order.

SIGNED on August 8, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge